UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-62355-BLOOM/Reid

WAYNE DURHAM,

    Plaintiffs,
v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ON OBJECTIONS

**THIS CAUSE** is before the Court upon Plaintiff Wayne Durham's ("Plaintiff") Objections to Judge Reid's Report and Recommendation ("Objections"), ECF No. [30], at 6-12. On October 9, 2019, Judge Reid issued a Report and Recommendation ("Report"), recommending that the Plaintiff's Motion to Vacate pursuant to 18 U.S.C § 2255 ("Petition") be denied and no certificate of appealability be issued. ECF No. [23]. The Report advised Plaintiff that "[o]bjections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report." *Id.* at 21. On October 31, 2019, upon a *de novo* review of the Report, and in light of the fact that no objections had been received, the Court adopted Judge Reid's Report, dismissed Plaintiff's Petition, denied the certificate of appealability and directed the Clerk of Court to close the case. *See* ECF No. [24].

The Court has now received Plaintiff's Objections.[1] Although the Court did not receive

---

[1] On November 26, 2019, Petitioner filed a Motion for Leave to Reopen the Proceedings, ECF No. [30], arguing that this Court should reopen this action because it had yet to receive the Petitioner's Objections, which he contends were timely filed. ECF No. [30], at 1-5. Plaintiff then attached a copy of the Objections,

Petitioner's Objections until November 26, 2019, Petitioner indicates that he provided copies of the Objections to prison officials on October 22, 2019 and October 23, 2019, which was within the response deadline imposed by the Report. ECF No. [30], at 1. Pursuant to the prisoner mailbox rule, "a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it." *Newnam v. McDonough*, 2008 WL 539065 (N.D. Fla. Feb. 22, 2008) (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)). The Eleventh Circuit has held that the prison mailbox rule extends to all complaints and other papers filed by a *pro se* prisoner, including in the habeas corpus and 42 U.S.C. § 1983 context. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (noting that "*the date of filing shall be that of delivery to prison officials* of a complaint or other papers destined for district court for the purpose of ascertaining timeliness" (emphasis in original)). Therefore, under the prisoner mailbox rule, and based on the Petitioner's representation of when the Objections were mailed, the Objections were timely made, and the Court will now consider them.

The Court has conducted a *de novo* review of the portions of the Report to which Plaintiff has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Taylor v. Cardiovascular Specialists*, *P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). As an initial matter, the Court notes that Petitioner's Objections are improper because they are further expansions of arguments originally raised in his Petition and supplemental briefing and already considered by the Magistrate Judge.

---

ECF No. [30], at 6-12, for the Court's review. Given that this Order now considers the Objections filed by the Plaintiff, Plaintiff's Motion, ECF No. [30], is denied as moot.

Specifically, Plaintiff objects to the Report's finding that "*Rehaif* does not apply retroactively on cases on collateral review," and that the Magistrate Judge erred in making such a finding. ECF No. [30], at 7. The Objections are improper because they merely expand upon and reframe arguments already made and considered by the Magistrate Judge in her Report, or simply disagree with the Report's conclusions. "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Moreover, the objections are due to be overruled because the Court disagrees that the Magistrate Judge erred in determining that *Rehaif* does not apply retroactively cases on collateral review. Indeed, the Eleventh Circuit Court of Appeals has explicitly held that it does not. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("Moreover, . . *Rehaif* . . . was not made retroactive to cases on collateral review by the Supreme Court.").

In conclusion, the Court finds that Plaintiff's Objections are without merit. Having considered the Report, Plaintiff's Objections, and having made a *de novo* review of the record, *see Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)), the Court finds the Report to be well reasoned and correct. The Court agrees with the analysis in the Report, and even considering Plaintiff's Objections, the Court nonetheless maintains its decision to adopt it.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Objections, **ECF No. [30], at 6-12**, are **OVERRULED**.

2. The Court's Order Adopting the Magistrate Judge's Report and Recommendation, **ECF No. [24]**, shall remain in effect.

3. Plaintiff's Motion, **ECF No. [30]**, is **DENIED AS MOOT**.

4. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida on November 27, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette M. Reid

Counsel of Record

Wayne Durham, Reg. No. 04599-104
Springfield Medical Center for Federal Prisoners
Inmate Mail/Parcels
Post Office Box 4000
Springfield, MO 65801